**In re MODERN DAIRY FARMS NO. 1, INC., Debtor.**

**Bankruptcy No. 81–23–BK–J–GP.**

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

April 5, 1982.

Susan K. Baumel, Milwaukee, Wis., for Herbert L. Freel.

Victor E. Raymos, trustee, Jacksonville, Fla., debtor.

Carl W. Hartley, Jr., Orlando, Fla., for debtor.

ORDER DENYING APPLICATION FOR ORDER REQUIRING TRUSTEE TO EXECUTE INTERNAL REVENUE SERVICE POWER OF ATTORNEY

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court on application of Herbert L. Freel for order requiring Trustee to execute Internal Revenue Service power of attorney. The Court has heard argument of counsel and has reviewed memoranda in support of application filed by Susan K. Baumel as attorney for Herbert L. Freel. The Trustee has not furnished to Court with any memorandum. Upon consideration, the Court makes the following,

*Findings Of Fact*

1. Herbert L. Freel is the sole stockholder of the debtor corporation and is an interested party in this proceeding.

2. The applicant was the principal operating officer and director of the debtor corporation prior to conversion to Chapter 7.

3. The Chapter 11 proceeding was converted to Chapter 7 and is now pending before this Court in that posture with Victor E. Raymos having been appointed as Trustee.

4. The Internal Revenue Service is presently protecting its interest in the proceeding by making an examination.

5. The applicant contends that the examination by the Internal Revenue Service will subject the debtor to additional taxes, penalties, and interest which may also result in additional liability for the applicant. It is the applicant's position, therefore, that the Trustee is not adequately representing the interest of the debtor and the creditors in that he is allowing full examination of the books and records of the debtor by the Internal Revenue Service. He also suggests that the Trustee needs the service of tax counsel.

6. The applicant has requested the Trustee to execute an Internal Revenue Service power of attorney authorizing the law firm representing the applicant to represent the debtor in connection with the Internal Revenue Service examination without additional expense.

7. The Trustee contends that the employment of professional persons rests initially with him and that until he requests Court authorization pursuant to 11 U.S.C. § 327(a) that the Court should not mandate such employment.

Based thereupon, the Court makes,

*Conclusions of Law*

1. Title 11, United States Code, Section 105 indicates that "The Bankruptcy Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

2. The Court declines to use the power set forth in 11 U.S.C. § 105 or other provisions of law to require that the Trustee execute the power of attorney or retain tax counsel. In reaching this conclusion, the Court finds that the Trustee having the responsibility imposed by law of administering this estate should make such decisions and the Court declines to interfere with his judgment.

It is, therefore, ADJUDGED as follows:

A. Application for order requiring Trustee to execute Internal Revenue Service power of attorney is denied.

B. This denial is without prejudice to the applicant seeking the removal of the Trustee or taking such other action as may be provided by law.